COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



RODOLFO RUIZ, §

§     No. 08-24-00032-CR

Appellant, §

§     Appeal from the

v. §

§     81st Judicial District Court

§

THE STATE OF TEXAS §

§     of Wilson County, Texas

Appellee. §

§     (TC# CRW2107132)

§

# **MEMORANDUM OPINION[1]**

A jury convicted Rodolfo Ruiz of three offenses, evading arrest or detention with a vehicle, unauthorized use of a motor vehicle, and aggravated assault against a public servant. The charge of aggravated assault against a public servant spanned two of the four counts of the indictment. Although the jury found Ruiz guilty of all three offenses, it also found him not guilty of one of the two counts of aggravated assault against a public servant. On appeal, Ruiz first complains the trial

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

court erred in assessing court costs and reimbursement fees in the three judgments of conviction, arguing they were improperly assessed without the court first holding an ability-to-pay hearing. Second, he complains on appeal that his judgment of acquittal contains a clerical error regarding the charged offense. We affirm all three judgments of conviction and modify the judgment of acquittal.

## I. BACKGROUND

Ruiz was indicted on four different counts: one count of evading arrest or detention with a vehicle (Count I), two counts of aggravated assault against a public servant (Count II and IV), and one count of unauthorized use of a motor vehicle (Count III). A jury found Ruiz guilty of Counts I, III, and IV and not guilty of Count II. The trial court rendered judgments of conviction and sentenced Ruiz to 20 years in prison for Count IV, ten years in prison for Count I, and two years for Count III, with all sentences running concurrently. Additionally, the trial court assessed $290 in court costs and $5 in reimbursement fees.[2] As to Count II, the court entered a judgment of acquittal on the charged offense of evading arrest or detention with a vehicle. Ruiz timely appealed.

## II. COURT COSTS

In his sole issue, Ruiz contends the trial court erred in assessing court costs and reimbursement fees without holding a hearing in accordance with article 42.15(a–1) of the Texas Code of Criminal Procedure. In the judgment of conviction for Count I, the trial court assessed court costs of $290 and $5 in reimbursement fees. Additionally, the trial court ordered Ruiz, upon release from incarceration, to "to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." The record does not reflect that the trial court asked

---

[2] The trial court also assessed a fine of $7,642 in restitution. The trial court later entered a judgment nunc pro tunc removing the fine.

about Ruiz's ability to pay. Ruiz asserts this absence of inquiry resulted in error and it made his judgment of conviction void.

Following sentencing, a trial court is required to "inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." Tex. Code Crim. Proc. Ann. art. 42.15(a–1). If a defendant cannot pay, the Code provides that the court can require payment later or in intervals, order community service in lieu of the fines and costs, waive them, or any combination of the methods. *Id.*

After briefs were filed in this case, the Texas Court of Criminal Appeals addressed the issue of the imposition of court costs without a hearing in *Cruz v. State*, 698 S.W.3d 265, 269 (Tex. Crim. App. Sept. 4, 2024). The Court of Criminal Appeals held:

> An ability-to-pay inquiry is not fundamental to the adjudicatory system; it is a post-trial procedure that has nothing to do with adjudication; it does not ensure a jury, a fair trial, a correctly informed sentencing judge, or a defendant's ability to understand the proceedings against him. It does not implicate "the integrity of judicial sentencing proceedings" or "the criminal adjudicatory process[.]" Requesting it would not likely be futile, and its post-trial timing forecloses the possibility that asking for it would expose the jury to the judge's bias. Requiring an objection to enforce it would not undermine "the public's perception of the fairness of our judicial system" or engender "suspicions" about the system's "fairness and accuracy." In short, an ability-to-pay inquiry made during or right after sentencing bears no consequence to the adjudicatory process.

*Id.* at 269 (internal citations omitted); *see also Corley v. State*, No. 08-23-00318-CR, 2024 WL 4497982, at *8 (Tex. App.—El Paso Oct. 15, 2024, no pet. h.) (mem. op., not designated for publication) (following *Cruz*); *Van Brown v. State*, No. 08-23-00179-CR, 2024 WL 4512350, at *7 (Tex. App.—El Paso Oct. 17, 2024, no pet. h.) (mem. op., not designated for publication) (same). Because *Cruz* is a binding and controlling precedent, it was necessary for Ruiz to object at trial to the court's failure to hold such a hearing in order for him to preserve error on his complaint. *Cruz*, 698 S.W.3d at 269. Without a timely objection, a defendant forfeits his or her

3

right to the ability-to-pay inquiry. *Id*. (categorizing the ability-to-pay inquiry as a forfeitable right that is a category-three right).

*Cruz* additionally held that "missing out on [a hearing] would not doom a defendant to undue hardship" because "[t]he same relief from fine and costs offered by Article 42.15(a–1)(1)–(4)—delays or periodic payments, community service, and/or fine-and-costs waiver—is available forever after sentencing." *Id.* Upon his release, if Ruiz is unable to pay the court costs, *Cruz* provides that he can seek relief from the trial court at that time. *See Sloan v. State*, 676 S.W.3d 240, 242 n.2 (Tex. App.—Tyler 2023, no pet.). If a defendant notifies the court that he has difficulty paying costs in compliance with the judgment, "the court shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant." Tex. Code Crim. Proc. Ann. art. 43.035(a). "If the court determines at the hearing under Subsection (a) that the portion of the judgment regarding . . . costs imposes an undue hardship on the defendant, the court shall consider whether . . . costs should be satisfied through one or more methods listed under Article 42.15(a–1)." *Id.* art. 43.035(c). The trial court retains jurisdiction for the purposes of making such a determination. *See id.* art. 43.035(e). Here, Ruiz does not argue that the trial court's determination that he should pay court costs at some later date amounted to an abuse of discretion.

We overrule Ruiz's sole issue.

### III.  THE CLERICAL ERROR IN THE JUDGMENT OF ACQUITTAL

Finally, Ruiz requests the judgment of acquittal be reformed to state he was acquitted of aggravated assault of a public servant. In addition to the three judgments of conviction, the trial court also entered a judgment of acquittal as to Count II. Ruiz correctly points out in this appeal that the acquittal judgment mistakenly listed the charged offense as evading arrest or detention

with a vehicle. The record of the case shows the jury rendered a not guilty verdict on Count II, which charged him with aggravated assault against a public servant.

Accordingly, we conclude the judgment of acquittal contains a clerical error pertaining to the charged offense. We modify the judgment of acquittal to reflect the charged offense was aggravated assault of a public servant, not evading arrest or detention with a vehicle. *See* Tex. R. App. P. 43.2(b).

## IV. CONCLUSION

We affirm all three judgments of conviction on Counts I, III, and IV, and modify the judgment of acquittal on Count II.


GINA M. PALAFOX, Justice

November 13, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)